JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA
#### Sacramento Division

| | |
|---|---|
| Michael Crook, individually and on behalf of all others similarly situated; | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* |
| -against- | |
| Credit Control, LLC, LVNV Funding LLC, and John Does 1-25. | |
| Defendant(s). | |

Plaintiff Michael Crook hereinafter, ("Plaintiff"), a California resident, brings this Class Action Complaint by and through his attorneys, against Defendant Credit Control LLC (hereinafter "Defendant CC") and Defendant LVNV Funding LLC (hereinafter "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for

allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq.   The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of California, County of Sacramento, residing at 3051 Yarwood Way, Sacramento, CA 95833.

8.     Defendant Credit Control LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042 and can be served upon its registered agent, C T Corporation System at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

9.   Upon information and belief, Defendant Credit Control LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.  Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 200 Meeting Street, Ste #206, Charleston, South Carolina 29401.

11.   Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.   John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.   Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.   The Class consists of:

   a.  all individuals with addresses in the State of California;

   b.  to whom Defendant Credit Control LLC sent a collection letter attempting to collect a consumer debt;

- 4 -

c.  on behalf of Defendant LVNV;

d.  that states that due to the age of the debt, Defendant Credit Control LLC will not sue on the debt, implying that the Defendant Credit Control has the ability to file a lawsuit on the debt;

e.  and informs the consumer that the debt will be reported to credit reporting agencies as long as the law permits, without giving specific dates of the age of the debt;

f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.    Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written

communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, and 1692f.

18.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. § l692e and §1692f.

- 6 -

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common

to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.    Some time prior to April 23, 2020, an obligation was allegedly incurred to HSBC Bank Nevada, N.A.

24.    The HSBC Bank Nevada, N.A. obligation arose out of a transaction involving a debt incurred by Plaintiff in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25.    The alleged HSBC Bank Nevada, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.    HSBC Bank Nevada, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27.   HSBC Bank Nevada, N.A. purportedly sold the debt to Defendant LVNV who contracted with the Defendant Credit Control LLC to collect the alleged debt.

28.   Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – April 23, 2020 Collection Letter*

29.   On or about April 23, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to University Faculty Assoc, Inc.  **See Collection Letter – Attached hereto as Exhibit A.**

30.   The letter states:

> The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it.  If you do not pay the debt, LVNV Funding LLC may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

31.   The letter states that due to the age of the debt, Defendant Credit Control LLC ("we") will not sue the Plaintiff on it.

32.   Defendant Credit Control LLC does not own the debt and is collecting on behalf of Defendant LVNV Funding LLC, therefore, Defendant Credit Control LLC is not in any position to threaten to sue Plaintiff since it does not own the debt.

33.    Despite the letter's mention of Defendant LVNV's possible continuance of reporting the debt to the credit reporting agencies, the letter deceptively omits whether the current creditor, Defendant LVNV Funding LLC, could sue or not, implying that Defendant LVNV could possibly sue on the alleged debt, which it cannot due to expired the Statute of Limitations.

34.    Plaintiff incurred an informational injury as Defendants' falsely and misleadingly stated they would not sue, despite not owning the debt.

35.    As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

36.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.  Defendant violated §1692e:

      a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

      b.  By making a false and misleading representation in violation of §1692e(10).

40.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

41.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

43.   Pursuant to 15 USC §1692f, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt."

44.   The Defendants violated 15 U.S.C. §1692f, by stating they would not sue to the age of the debt, when they had no ability to sue, thereby harassing the Plaintiff.

45.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Crook, individually and on behalf of all others similarly situated, demands judgment from Defendant Credit Control LLC and Defendant LVNV as follows:

a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

b)   Awarding Plaintiff and the Class statutory damages;

c)   Awarding Plaintiff and the Class actual damages;

d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)    Awarding pre-judgment interest and post-judgment interest; and

f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  June 2, 2020

                                              THE LAW OFFICES OF
                                              JONATHAN A. STIEGLITZ

                                    By:    ____/s/ Jonathan A Stieglitz___
                                              Jonathan A Stieglitz